UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALUSTIANO GRANADOS VELASQUEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-03986 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Salustiano Granados Velasquez filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"), seeking immediate release from immigration detention. (Dkt. No. 1.) Respondents filed a Response to the Petition. (Dkt. No. 8.) Petitioner filed a Reply. (Dkt. No. 10.)

## II. THE PETITION AND RESPONSE

Petitioner is a citizen of Mexico who has been in immigration detention since June 3, 2026. (Dkt. No. 1 at 5.)[1] Petitioner entered the United States without inspection on May 25, 1991 and has resided continuously in the United States for over thirty-five years. (Id. at 6, 19.) Petitioner alleges he was detained by immigration officers without receiving a meaningful bond hearing because the immigration judge concluded Petitioner was subject to mandatory detention. (Id. at 7-8.) There is no evidence that Petitioner has any criminal history. Petitioner alleges the following grounds for relief: (1) a violation of the Immigration and Nationality Act ("INA") because Petitioner was entitled to a bond hearing as a member of the Bautista class; (2) a violation of the INA because Petitioner was erroneously considered to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A); (3) the immigration judge abused his discretion in denying bond because Petitioner was viewed as subject to mandatory detention; and (4) a violation of the Due Process Clause because of Petitioner's prolonged detention without a bond hearing. (Id. at 13-20.) Petitioner requests immediate release from custody, and, in the alternative, a bond hearing where Respondents must prove that Petitioner's detention is necessary by clear and convincing evidence. (Id. at 20-21.) In the event a bond hearing is ordered, Petitioner seeks a conditional order of release if the bond hearing is not provided within seven days of the order. (Id.) Petitioner also requests an injunction preventing Respondents from re-detaining Petitioner absent at least seven days notice and a hearing before a neutral decision maker. (Id.)

---

[1] All references are to the CM/ECF-generated pagination.

Respondents filed a Response, which did not oppose Petitioner's grounds for relief. (Dkt. No. 8.) Respondents contend Petitioner's relief should be limited to a bond hearing because Petitioner is a member of the Bautista class. (Id.) Petitioner's Reply argues that release is the appropriate remedy because Petitioner's unlawful detention has already persisted for two months and because the Court has broad equitable authority to grant release. (Dkt. No. 10 at 2, 4.)

## III. DISCUSSION

Respondents agree with Petitioner that Petitioner is entitled to a bond hearing as a Bautista class member. Respondents do not dispute Petitioner's factual contentions or that Petitioner's continued detention without a meaningful bond hearing violates due process. Thus, the only question before the Court is the appropriate remedy for Respondents' violation.[2][3]

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). Petitioner is a citizen of Mexico who has been in

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[3] Because the Court finds Petitioner is entitled to relief as a member of the Bautista class, the Court does not reach the other grounds asserted. Furthermore, all the other grounds asserted are centered around the lack of a meaningful bond hearing. (Dkt. No. 1 at 13-20.) Petitioner has not provided any argument, and the Court sees no reason why, these other grounds entitle Petitioner to additional relief.

immigration detention since June 3, 2026. (Dkt. No. 1 at 5.) Petitioner entered the United States without inspection on May 25, 1991 and has resided continuously in the United States for over thirty-five years. (Id. at 6, 19.) There is no evidence that Petitioner has any criminal history. Petitioner did not receive a meaningful bond hearing because the immigration judge concluded Petitioner was subject to mandatory detention. (Id. at 7-8.) As a Bautista class member, Petitioner was entitled to a bond hearing under U.S.C. § 1226(a) which evaluated Petitioner's flight risk and danger to the community. See Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1123 (C.D. Cal. 2025) ("Where the DHS policy renders all of the Bond Eligible Class subject to mandatory detention under § 1225(b)(2), the putative class members have been deprived of their right to a bond hearing under § 1226(a)"); see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (concluding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Because Petitioner should have received a prompt bond hearing upon immigration detention as a Bautista class member, the Court finds the appropriate remedy to be a bond hearing pursuant to 8 U.S.C. § 1226(a). See, e.g., Solano Gallardo v. Warden, Adelanto Det. Facility, No. 5:26-CV-00485-SSS-BFM, 2026 WL 483207, at *1 (C.D. Cal. Feb. 20, 2026) (finding a bond hearing to be the appropriate remedy when the petitioner was a Bautista class member who was denied a bond hearing); see also Hernandez v. Santacruz, No. 5:26-CV-00741-PD, 2026 WL 789942, at *1 (C.D. Cal. Mar. 12, 2026) (same); Aguilar v. Janecka, No. 5:26-CV-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar. 2, 2026) (same).

To the extent Petitioner seeks a conditional order of release if Petitioner does not receive the bond hearing, the Court does not consider it necessary to provide additional

relief addressing a hypothetical possibility that Respondents might fail to comply with an order of the Court. The Court expects parties to fully comply with its orders. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (A court order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"). To the extent Petitioner seeks an injunction against future detention without notice and a hearing in the event Petitioner is released, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## IV. ORDER

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;
2) Petitioner Salustiano Granados Velasquez (A#235-095-251) must be provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;
3) Judgment be entered accordingly.

Dated: 09/02/2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge